UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| E-TRADE BANK,<br><br>        Plaintiff,<br>    v.<br><br>HAROLD E. MAINUSCH, LAURA M.<br>MAINUSCH, and DOES 1 through 5, inclusive,<br><br>        Defendants. | Case No.: 12-CV-06439-LHK<br><br>ORDER REMANDING UNLAWFUL<br>DETAINER ACTION TO SANTA<br>CLARA COUNTY SUPERIOR COURT |

Defendants removed this action for unlawful detainer from the Santa Clara County Superior Court on December 20, 2012. However, it appears that the Court lacks subject matter jurisdiction over the removed action. Although Plaintiff has not moved to remand, this Court has a continuing obligation to raise issues of subject matter jurisdiction whenever it appears that jurisdiction may be lacking. Fed. R. Civ. P. 12(h)(3); *Augustine v. United States*, 704 F.2d 1074, 1077 (9th Cir. 1983). If a Court lacks subject matter jurisdiction over a removed action, that action must be remanded. 28 U.S.C. § 1447(c). Defendant bears the burden of establishing that removal is proper. *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009).

In the notice of removal, Defendants assert that grounds for removal exist because their principal claim for relief arises under federal law. However, a defendant may remove a case to federal court only if "the *plaintiff*'s complaint establishes that the case 'arises under' federal law." *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 10 (1983). It is well-settled that a case may not be removed to federal court on the basis of a federal defense. *Id.* at 14.

1

Case No.: 12-CV-06439-LHK
ORDER REMANDING UNLAWFUL DETAINER ACTION

Rather, "the federal question must 'be disclosed upon the face of the complaint, unaided by the answer.'" *Provincial Gov't of Marinduque*, 582 F.3d at 1086 (quoting *Phillips Petroleum Co. v. Texaco Inc.*, 415 U.S. 125, 127-28 (1974)).  Because Plaintiff's complaint for unlawful detainer raises no federal claims, there appears to be no basis for removal and no subject matter jurisdiction in this Court.  *See, e.g.*, *Litton Loan Servicing, L.P. v. Villegas,* C 10-05478 PJH, 2011 WL 204322 (N.D. Cal. Jan. 21, 2011); *Partners v. Gonzalez*, C-10-02598 EDL, 2010 WL 3447678 (N.D. Cal. Aug. 30, 2010).

Accordingly, the unlawful detainer action is hereby REMANDED to Santa Clara County Superior Court.

**IT IS SO ORDERED.**

Dated: February 6, 2013

_____
LUCY H. KOH
United States District Judge

2
Case No.: 12-CV-06439-LHK
ORDER REMANDING UNLAWFUL DETAINER ACTION